UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------
ERIC FLORES,

                                 Plaintiff,

                -against-

THE CITY OF NEW YORK, and Police Officers "JOHN DOE" 1-5, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                                Defendants.
---------------------------------------------------------------------------------

**COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff, ERIC FLORES, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

        1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

        2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff, ERIC FLORES, is, and has been, at all relevant times, a resident of the City and State of New Jersey

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants, POLICE OFFICERS "JOHN DOE" 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

2

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about February 15, 2013, at approximately 2:30 a.m., plaintiff ERIC FLORES, was lawfully present outside of his place of business at Dave's Tavern at 574 9th Avenue in the County and State of New York.

14. At that time and place, plaintiff was in the process of removing three unruly and underage customers from the aforementioned tavern when he was approached by several NYPD officers.

15. The officers immediately began to strike plaintiff about the legs, arms, body, and head using metal and/or wooden clubs as well as their fists.

16. Plaintiff repeatedly made known to the officers that he was an employee of the aforementioned tavern and that they were attacking the wrong person.

17. Plaintiff did not push, strike, or attempt to push or strike the officers, but simply tried to shield himself from injury.

18. At no time on February 14, 2013 did plaintiff commit any crime or violation of law.

19. The force employed by the defendant officers, initially and throughout the incident, was objectively unreasonable given the facts and circumstances then and there prevailing.

20. As a result of the foregoing, plaintiff ERIC FLORES sustained, *inter alia*, serious physical injury requiring surgical intervention, mental anguish, shock, fright, apprehension,

embarrassment, humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

21. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

22. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff, ERIC FLORES, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

27. Plaintiff, ERIC FLORES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

28. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

29. As a result of the foregoing, plaintiff, ERIC FLORES, suffered physical injuries requiring surgical intervention, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

30. Plaintiff, ERIC FLORES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

31. Defendants repeatedly struck the plaintiff, ERIC FLORES, with their fists and other weapons in excess of any force required given the facts and circumstances then and there prevailing, notwithstanding their knowledge that application of such force would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all

under the supervision of ranking officers of said department.

34. Those customs, policies, patterns, and practices include, but are not limited to:

   i. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   ii. failing to properly train police officers in the requirements of the United States Constitution.

35. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. applying excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

36. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, ERIC FLORES.

37. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

39. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was beaten and suffered serious physical injury.

40. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

41. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

42. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## **PENDANT STATE CLAIMS**

43. Plaintiff, ERIC FLORES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

44. On or about March 29, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

45. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

46. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on September 19, 2013.

47. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

48. Plaintiff has complied with all conditions precedent to maintaining the instant action.

49. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## FOURTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

50. Plaintiff, ERIC FLORES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51. At the aforesaid place and time, the individually named defendants did cause plaintiff, ERIC FLORES, to be unlawfully assaulted and battered, without cause or provocation.

52. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendants, THE CITY OF NEW YORK.

53. As a result of the aforesaid assault and battery, plaintiff, ERIC FLORES, was injured, both physically and mentally.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff, ERIC FLORES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

56. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

57. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

58. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

59. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

60. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

62. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

63. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
December 10, 2013

        Respectfully submitted,

        **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
        *Counsel for the Plaintiff*

        _____

By:    MATTHEW SHROYER (MS-6041)
        80 Maiden Lane, 12th Floor
        New York, New York 10038
        (212) 962-1020